UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRAIG COMBELIC,<br><br>                              Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No. 3:16-cv-05017-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

FACTUAL AND PROCEDURAL HISTORY

On May 16, 2012, plaintiff filed an application for DIB, alleging disability as of June 1, 2011. *See* Dkt. 12, Administrative Record ("AR") 16. The application was denied upon initial administrative review on August 29, 2012, and on reconsideration on December 6, 2012. *See id.* A hearing was held before an administrative law judge ("ALJ") on February 21, 2014, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert and a lay witness. *See* AR 16.

In a decision dated March 20, 2014, the ALJ determined plaintiff to be not disabled. *See* AR 16-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on November 9, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481. On January 14, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on April 20, 2016. *See* Dkt. 7. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, because the ALJ erred: (1) in discounting plaintiff's credibility; (2) in evaluating the medical evidence in the record, including the opinions of Amanda J. Ragonesi, Psy.D., Landon Poppleton, Ph.D., and Donald D. Ramsthel, M.D.; (3) in failing to consider the lay witness testimony of Marcheta Morasch and Martha Combelic; and (4) in failing to fully develop the record. *See* Dkt. 14. For the reasons set forth below, the Court agrees the ALJ erred in evaluating the medical opinion of Dr. Ragonesi and in failing to consider the lay witness testimony, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.     The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.  Amanda Ragonesi, Ph.D.

Plaintiff challenges the ALJ's finding regarding the medical opinion of Amanda Ragonesi. Dkt. 14, pp. 9-12. Dr. Ragonesi completed a psychological evaluation on July 17, 2012. AR 313-16. She reviewed clinical records, charted plaintiff's self-reported history, conducted a mental status examination, and charted her observations and opinions. *See id.* Dr.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

Ragonesi noted that plaintiff refused to complete many items for the exam, was hostile, and required redirection. AR 313-15. As a result of plaintiff's behavior and refusal to complete the exam, Dr. Ragonesi observed that "the results from the MMSE are not likely an accurate representation of his current level of functioning." AR 315. She also noted that his case is complicated by a boating accident in which he sustained head injury, and observed that "the extent that substance abuse is contributing to his difficulties can not be ruled out." AR 315. Based on her clinical findings, Dr. Ragonesi opined that "[w]hen presented with minimal stressors, [plaintiff] is likely to respond with anger or irritability" which "could negatively impact his social functioning and ability to maintain concentration necessary for learning work related tasks." AR 316.

The ALJ gave "great weight" to Dr. Ragonesi's findings and assessments, except for the GAF score.[2] *See* AR 22-23; Dkt. 14, pp. 9-12. The ALJ noted that although Dr. Ragonesi "observed the claimant acting inappropriately," she "felt the claimant had enough cognition to be able to complete an 8-hour day if he were in isolation, to accommodate perceived difficulties getting along with others." AR 23. In the RFC, the ALJ accounted for Dr. Ragonesi's opined limitations regarding social functioning by finding "claimant is limited to incidental pubic [sic] contact and occasional coworker contact." AR 20. The ALJ did not address concentration in his RFC or in his hypothetical to the vocational expert. *See* AR 20, 46.

Although plaintiff agrees that the ALJ accounted for part of Dr. Ragonesi's opinion—that plaintiff would need incidental public contact to account for his social limitations—plaintiff argues that the ALJ committed legal error in failing to address Dr. Ragonesi's additional opinion

---

[2] As noted by defendant, plaintiff has not alleged that discounting the GAF scores was legal error. *See* Dkt. 14, pp. 9-12.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 6

that plaintiff could have difficulty maintaining "concentration necessary for learning work related tasks." The undersigned agrees. As noted above, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (citation omitted). Here, the ALJ failed to discuss Dr. Ragonesi's opinion that plaintiff would have difficulty maintaining concentration to learn work related tasks. Moreover, although he gave Dr. Ragonesi's opinion great weight, the ALJ also failed to address difficulty with concentration in plaintiff's RFC or the hypothetical to the vocational expert. *See* AR 22-23, 46. The Court finds that a medical opinion regarding a claimant's functional limitations constitutes significant, probative evidence, and the ALJ erred by failing to discuss it. *See Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015).

In addition, the Court notes that the ALJ also failed to discuss additional probative evidence of plaintiff's limitation related to concentration. Another doctor, Michael Regets, Ph.D., reviewed plaintiff's medical records and also opined that plaintiff had functional limitations related to concentration. *See* AR 23. Although the ALJ also afforded Dr. Regets's opinion great weight, the ALJ only mentioned the limitation related to concentration and did not address why he did not include the limitation in the RFC or hypothetical to the vocational expert. *See* AR 23. For this additional reason, in light of the fact that two doctors opined plaintiff had functional limitations related to concentration, the ALJ erred in failing to discuss significant probative evidence regarding plaintiff's limitation related to concentration.

II.     The ALJ's Evaluation of the Lay Witness Testimony

Plaintiff also maintains that the ALJ erred in failing to discuss the lay witness testimony of his mother, Marcheta Morasch, and his stepmother, Martha Combelic. *See* Dkt. 14, pp. 13-15. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. Express consideration of lay evidence is a requirement. *See id.* at 511; *see also Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (lay testimony concerning claimant's ability to work is competent evidence and cannot be disregarded without comment).

Ms. Morasch completed a third-party function report on June 14, 2012 and testified at the hearing before the ALJ. *See* AR 67-74, 192-200.[3] In her third-party function report, Ms. Morasch opined that plaintiff's illnesses and injuries have significantly impacted his ability to work and that pain has impacted his ability to sleep. AR 192, 193-94. Ms. Morasch testified at the hearing that after plaintiff had a boating accident, he "couldn't handle situations; [was] short-tempered; couldn't focus; [and] just not with it, not there." AR 69. She also testified that plaintiff has gotten "progressively worse" since his accident and has "gone downhill." *Id.* Ms. Combelic provided a statement dated February 25, 2014 and stated that plaintiff has changed following a boating accident and he has become "selfish, gruff, foul mouthed, argumentative, elusive and a pain in the butt." AR 265.

---

[3] Ms. Morasch also completed a second third-party function report dated March 20, 2014, which was submitted to the Appeals Council after the ALJ issued his decision. *See* AR 5, 400. Although the ALJ did not have the benefit of the second third-party function report, evidence submitted for the first time to the Appeals Council is part of the record the Court "must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Commissioner of Social Security Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). However, as this matter is already reversed and remanded, Ms. Morasch's second third-party function report will be before the ALJ for consideration upon remand. Thus, the Court need not address her report in its Order.

Here, the ALJ summarized Ms. Morasch's third-party report, noting that she "states her son's primary impairment is his inability to hand[le] stress. She reports the claimant has difficulty focusing on conversation and frequently becomes agitated. She reports the claimant's problems began after his 1992 boat accident." AR 20. The ALJ did not assign any weight to Ms. Morasch's third-party report, did not discuss her testimony at the hearing, and did not address Ms. Combelic's lay statement.

Plaintiff argues the ALJ's failure to consider all of the lay witness testimony and assign weight to it constituted error. The Court agrees. As noted above, an ALJ may only disregard lay witness opinions if he or she gives reasons germane to that source for doing so. *See Bruce*, 557 F.3d at 1115. Here, the ALJ's failure to expressly consider the lay witness statements was legal error.

III.     This Matter Should Be Remanded for Further Administrative Proceedings

Plaintiff argues that this matter should be remanded for an award of benefits. *See* Dkt. 14, p. 17. The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 9

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical and lay opinion evidence in the record, remand for further consideration of these issues—as well as, if necessary, the issue of whether plaintiff is capable of performing his past relevant work or other jobs existing in significant numbers in the national economy[4]—is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

DATED this 9th day of August, 2016.

Karen L. Strombom
United States Magistrate Judge

---

[4] If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10